Edward J. Maney
Chapter 13 Trustee
101 N. First Ave., Suite 1775
Phoenix, Arizona 85003
Telephone (602) 277-3776
ejm@maney13trustee.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | CHAPTER 13 PROCEEDINGS |
| SINDRES MAKIE MASON-MITCHELL, TAMARCUS MITCHELL SR., | CASE NO. # 2: 20-06621-MCW |
| | TRUSTEE'S EVALUATION AND RECOMMENDATION(S) REPORT WITH NOTICE OF POTENTIAL DISMISSAL IF CONDITIONS ARE NOT SATISFIED |
| (Debtor(s)) | RE: CHAPTER 13 PLAN |

Edward J. Maney, Trustee, has analyzed the Debtors' Chapter 13 Plan and supporting documents and submits the following evaluation and recommendation(s):

**General requirements:**

a. Due to the possibility of errors on the claims docket, it is the attorney's responsibility to review all proofs of claim filed with the Court and resolve any discrepancies between the claims and the Plan prior to submitting any proposed Order Confirming Plan to the Trustee. *Please submit a copy of the Court's Claims Register with any submission of the Order Confirming.*

b. Requests by the Trustee for documents and information are not superseded by the filing of an amended plan or motion for moratorium.

c. The Trustee will object to any reduction in the Plan duration or payout in a proposed Order Confirming Plan unless an amended or modified plan is filed and noticed out.

d. The Debtors are required to provide directly to the Trustee, *within 30 days after their filing*, copies of their federal and state income tax returns for every year during the duration of the Chapter 13 Plan. This requirement is to be included in any Order Confirming.

e. The Trustee requires that any proposed Order Confirming Plan state: "The Plan and this Order shall not constitute an informal proof of claim for any creditor."

f. The Trustee requires that any proposed Order Confirming Plan state: "Debtor is instructed to remit all payments on or before the stated due date each month. Debtor is advised that when payments are remitted late, additional interest may accrue on secured debts, which may result in a funding shortfall at the end of the Plan term. Any funding shortfall must be cured before the Case can be discharged. This requirement is effective regardless of Plan payments suspensions, waivers or moratoriums, and must be included in any Plan Confirmation Orders."

g. At the time of confirmation, the Trustee will require the Debtors to certify that they are current on all required tax filings and any domestic support orders.

h. At the time of confirmation, the debtor(s) are required to certify, via language in the Order Confirming, that they are current on all payments that have come due on any Domestic Support Orders since the filing of their case and that they are current on all required tax return filings [pursuant to 11 U.S.C. §1308].

i. DEBTORS / DEBTORS' COUNSEL REMINDER - A letter is to be submitted to the Trustee, accompanying any Order Confirming, addressing all issues as they are listed in the Trustee's Recommendation.  In addition, **all** documents (ex: tax returns, paystubs etc.) submitted to the Trustee must be redacted – in compliance with Fed.R.Bankr.P.9037 -- by debtors and/or their counsel.

**Specific Recommendations:**

1. The Trustee requires the debtors supply a copy of statements that reveals the balance on hand - in all of their financial/bank accounts - on the date of the filing of their case.

2. The Arizona Department of Revenue's proof of claim [#1] dated June 2, 2020 indicates Debtor has not filed income tax returns for 2011, 2012, 2013, 2015, 2016, 2018 and unfiled TPT 12-2018 thru 5-2020.  The Trustee requires Debtor to immediately prepare and file all unfiled tax returns.  **Failure to file said returns or the required Affidavit within 30 days from the date of this Trustee's Recommendation and providing a stamped copy of said returns may result in the Trustee lodging an Order automatically dismissing Debtor's case.**

3. The Chapter 13 Plan states that PAC Auto Finance (2007 Chevy Tahoe) will be paid an amount greater than that listed on the proof of claim [#4].  The debtor(s) may use the lesser claim amount in the Stipulated Order Confirming Plan.

4. Considering items #2 and #3 above, the Trustee's analysis reveals a $13,686 funding shortfall including Chapter 7 Reconciliation, which must be cured before the Plan can be confirmed.

5. The Debtors received significant tax refunds for 2019, which, if allowed to continue, would constitute a diversion of projected disposable income.  The Trustee requires the Debtors to adjust payroll tax deductions to prevent over- or under-withholding, amend Schedule I increasing Plan payments accordingly and provide two consecutive pay stubs to verify this has been corrected **OR** turn over tax refunds for each year during the life of the plan (2020, 2021 and 2022) as supplemental plan payments.

6. Plan fails to provide a specific day of the month by which the first and subsequent payments are to be paid into the Plan. The Trustee has established a constructive payment due date of the 30th day of the month with the first interim payment to be paid on or before June 30, 2020.

In summary, the Plan can be confirmed subject to the condition(s) noted above, adequate funding, and timely filed Stipulated Order Confirming, and Court approval. ***The Trustee requires that any Stipulated Order Confirming contain the "wet" signatures from the debtors (where applicable), debtors counsel and objecting creditors if there are any***. General unsecured creditors (including secured creditors with unsecured deficiency balances) will be paid through the Trustee, subject to timely filed and allowed claims. Chapter 7 reconciliation requirement must be met given debtors' scheduled $21.75 equity in non-exempt property at petition date. **You are hereby advised that the Trustee may lodge an Order of Dismissal should Debtor fail to resolve item(s) #1, #2, #4 above and submit a Stipulated Order Confirming to the Trustee for review and signature or request a hearing within 30 days from the date of the mailing of this Trustee's Recommendation.**

Date See Electronic Signature Block

EDWARD J. MANEY,
CHAPTER 13 TRUSTEE

By: _____
Edward J. Maney ABN 12256
CHAPTER 13 TRUSTEE
101 North First Ave., Suite 1775
Phoenix, Arizona 85003
(602) 277-3776
ejm@maney13trustee.com

Copies of the forgoing
mailed on [see electronic signature],
to the following:

Sindres Mason-Mitchell
Tamarcus Mitchell
6821 South 58th Avenue
Laveen, Arizona 85339
Debtors


Thomas A. McAvity, Esq.
4602 East Thomas Road
Suite S-9
Phoenix, Arizona 85028
Debtors' counsel


By:_____
    Trustee's Clerk